UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHANE SMITH, | No. 2:21-cv-1379 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| AULD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. <u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II. Plaintiff's Complaint

Plaintiff alleges that defendants placed a "Failure to Test" sign on plaintiff's cell door, violating his privacy rights under the Health Insurance Portability and Accountability Act. Plaintiff states that he is exercising his right to refuse medical care in declining to be vaccinated against COVID-19. He also contends that in light of the Center for Disease Control's recommendation that people be quarantined for 10-14 days, plaintiff was subjected to an unduly excessive 21 day quarantine period, allegedly imposed to force inmates to be vaccinated, constituting cruel and unusual punishment under the Eighth Amendment. Plaintiff names as defendants RN Auld, and two doctors at Mule Creek State Prison, and seeks money damages.

III. Discussion

Plaintiff's complaint fails to state cognizable claims for relief. Plaintiff challenges the disclosure of vaccination status under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HIPAA, however, does not provide any private right of action. U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir.2007) ("HIPAA itself provides no right of action."). Accordingly, plaintiff's HIPAA claim is barred.

Plaintiff's allegation that he was quarantined for too long fails to state an Eighth Amendment claim.

"To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' occurring through 'deliberate indifference' by prison personnel or officers." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citations omitted). The government must give medical care to incarcerated persons. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 103-05 (1976)). Failure to do so can constitute an Eighth Amendment violation. Id. In order to prevail on an inadequate

medical care claim, a plaintiff must show "deliberate indifference to his serious medical needs." Id. (quotations omitted). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. (citations and internal quotation marks omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id.

To satisfy the first prong, a plaintiff must demonstrate the existence of a serious medical need, which exists when the failure to treat the condition may result in significant injury or cause the unnecessary and wanton infliction of pain. Id. Indications of a serious medical need include injuries a reasonable doctor or patient would find important and worthy of treatment, the presence of a medical condition which significantly affects a person's daily activities, or the existence of chronic and substantial pain. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). "Th[e] second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096; see Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (a plaintiff must show an official knew of and disregarded a serious risk to his health). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care,'" but "an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim." Jett, 439 F.3d at 1096 (alteration in original) (citations omitted). "A difference of opinion does not amount to a deliberate indifference to [a prisoner's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, plaintiff states that he was "constantly exposed to COVID-19 positive cases in [his] building." (ECF No. 1 at 3.) It is clear that COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); see also Williams v. Dirkse, 2021 WL 2227636 (E.D. Cal. June 2, 2021) ("The transmissibility of the COVID-19 virus

4

in conjunction with [the prisoner plaintiff's] living conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of suffering serious harm.'"). Thus, efforts by defendants to quarantine those not vaccinated, even if for a week longer than recommended by the CDC, cannot be considered to be deliberate indifference. Rather, it appears defendants were taking steps to protect both plaintiff and other inmates from further transmission of COVID-19.

Similarly, while plaintiff views the prison's notice as "forcing" inmates to be vaccinated, the court views such notice as prison officials' efforts to encourage inmates to get vaccinated. Many employers, universities and local governments are now requiring some or all of their employees to be vaccinated.[1] In light of the global pandemic caused by COVID-19, as well as the science supporting the use of such vaccines, the undersigned cannot find such encouragement is inappropriate, let alone unconstitutional.[2]

Plaintiff's HIPPA claim is legally frivolous, and his additional allegation fails to state a cognizable claim. Thus, the complaint must be dismissed.

Generally, the court would grant plaintiff leave to amend in light of his pro se status. However, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

---

[1] The New York Times recently reported on such mandates, identifying Walmart, Walt Disney, Google, Facebook, and other companies requiring vaccinations. See Giulia Heyward, "Who Can Make You Get a Covid Vacccine?," Aug. 6, 2021, https://www.nytimes.com/article/covid-vaccine-mandates.htmlwebsite (last visited Aug. 20, 2021).

[2] Indeed, in light of the Delta variant of COVID-19, plaintiff may wish to rethink his position on vaccinations. "According to the CDC, authorized vaccines in the U.S., including the Pfizer-BioNTech vaccine, 'are highly effective at protecting vaccinated people against symptomatic and *severe* COVID-19.'" See COVID-19: Interim Public Health Recommendations for Fully Vaccinated People, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last updated May 28, 2021) (emphasis added). At this point, medical evidence strongly suggests that fully vaccinated individuals are very well protected against becoming severely ill from COVID-19." United States v. Hormozi, 2021 WL 3514807, at *7 (E.D. Cal. Aug. 10, 2021) (collecting cases).

5

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1379.56