UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHANE SMITH, | No. 2:21-cv-1379 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| AULD, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On August 24, 2021, the undersigned recommended this action be dismissed. Plaintiff filed objections, seeking leave to amend and explaining that he was not quarantined to prevent the spread of COVID-19. He claims defendants acted with deliberate indifference by housing him in a gym, bunks side by side, two feet apart, and mattresses on the floor because there was not enough bed space. He alleges the unit was never disinfected, and the only cleaning supply provided was one bar of soap. (ECF No. 15.)

In his original complaint, plaintiff alleged that he was quarantined too long and that his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") were violated. Plaintiff now seeks leave to amend, claiming he can allege facts demonstrating defendants were deliberately indifferent to his safety. Plaintiff has not had the opportunity to amend his pleading. Fed. R. Civ. P. 15 ("leave to amend shall be freely given when justice so

1

requires.")  Because plaintiff may be able to state a cognizable claim, the findings and recommendations are vacated, and plaintiff is granted leave to file an amended complaint.

Governing Standards

Plaintiff is informed that the following standards govern Eighth Amendment claims challenging conditions of confinement:

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective."  Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)).  First, to satisfy the Eighth Amendment's objective prong, "the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834 (internal quotation marks and citations omitted).  For a claim "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.

Second, to satisfy the Eighth Amendment's subjective prong, there must be allegations that a prison official acted with "deliberate indifference" to an inmate's health or safety.  In other words, the prison official knew yet disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  "A prison official's duty under the Eighth Amendment is to ensure reasonable safety," and "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."  Id. at 844–45 (internal quotation marks and citations omitted).  Thus, there is no Eighth Amendment

violation if a prison official "did not know of the underlying facts indicating a sufficiently substantial danger and [was] therefore unaware of a danger," or if "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. Furthermore, in analyzing whether prison officials have violated the Eighth Amendment, courts must give "due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" Farmer, 511 U.S. at 845 (quoting Spain v. Procunier, 600 F.2d 189, 193 (9th Cir. 1979)).

Leave to Amend

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 24, 2021, are vacated.

2. Plaintiff is granted thirty days from the date of this order to file an amended complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint.

Dated: September 16, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1379.vac

4